UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAYVON BENTON,** | ) | **Case No.** |
| **c/o Malik Law** | ) | |
| **8437 Mayfield Rd. Suite 101** | ) | **JUDGE** |
| **Chesterland, OH  44026,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT WITH JURY** |
| **v.** | ) | **DEMAND** |
| | ) | |
| **CITY OF CLEVELAND** | ) | |
| **601 Lakeside Avenue** | ) | |
| **Cleveland, OH 44114** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHIEF CALVIN WILLIAMS** | ) | |
| **SAFETY SERVICE DIRECTOR** | ) | |
| **MICHAEL MCGRATH** | ) | |
| **SERGEANT THOMAS SHOULDERS** | ) | |
| **DETECTIVE DAVID SHAPIRO** | ) | |
| **DETECTIVE DAVID LAMM** | ) | |
| **DETECTIVE CYNTHIA MOORE** | ) | |
| **DETECTIVE JOHN LALLY** | ) | |
| **JOHN DOES #1-4** | ) | |
| **c/o Cleveland Police Department** | ) | |
| **1300 Ontario Street** | ) | |
| **Cleveland, OH 44113** | ) | |
| | ) | |
| **Individually and in Their Official** | ) | |
| **Capacities as Employees of the City of** | ) | |
| **Cleveland, Ohio,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## I.      PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Plaintiff Jayvon Benton's Fourth,

   Fifth, Sixth, and Fourteenth Amendment constitutional rights. This case further seeks

legal redress for federal and state law claims of civil conspiracy and false arrest. The

violation of Mr. Benton's state and federal rights occurred on or about September 1, 2015

in Cleveland, Ohio. On that day, Defendants Shoulders, Shapiro, Lamm, Moore, Lally,

and Does #1-4 violated Mr. Benton's Fourth, Fifth, Sixth, and Fourteenth Amendment

rights when they illegally and unreasonably seized, detained, and interrogated Mr.

Benton, while they were on duty. There was no legitimate or legal justification for

Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does #1-4 to illegally and

unconstitutionally seize, detain, and interrogate Mr. Benton. Furthermore, Mr. Benton, a

minor at the time, was seized, detained, and interrogated without the presence of retained

counsel and without the presence of his mother. Mr. Benton brings this civil rights action

to secure fair compensation and to encourage Cleveland officers to refrain from the

unconstitutional, unnecessary, illegal, gratuitous, unreasonable, and excessive seizures,

detentions, and interrogations of its citizens in the future.

2.  Defendants Shapiro, Lamm, Moore, Lally, and John Does #1-4, despite being required to

do so, had knowledge of the conduct of Defendants Shoulders, yet deliberately failed to

report and address the unconstitutional seizure, detention, and interrogation employed by

Defendants Shoulders. In fact, these Defendants actually participated in the

unconstitutional conduct. No defendant self-reported their misconduct despite a duty to

do so.

3.  The violation of Mr. Benton's Fourth, Fifth, Sixth, and Fourteenth Amendment rights

occurred because Defendants City of Cleveland, Chief Williams, and Director McGrath

have a policy, practice, habit and custom of allowing its officers, specifically Defendant

Shoulders, to illegally seize, detain, and interrogate citizens and to allow the harassment,

embarrassment, intimidation, and interrogation of citizens without requiring them to lawfully follow longstanding legal procedures related to lawful searches, seizures, detentions, and/or arrests of citizens. The failures by these Defendants to follow established policies, procedures, habits and customs and to freely violate the rights of others is especially true when Defendant Shoulders engaged minors during investigations. At all times relevant herein each Defendant had actual and constructive notice of Shoulders's illegal antics and behavior in this regard.

4. Defendant Shoulders testified in the suppression hearing for Mr. Benton that he had similarly removed juveniles from CCJJDC in the past without a court order or a warrant to convey. Shoulders has himself, established and admitted to a pattern and practice of illegal conduct with respect to his behavior as a police officer.

5. Defendants City of Cleveland, Williams, and McGrath have themselves, a longstanding policy, pattern, and practice of allowing Defendant Shoulders to violating citizens' constitutional rights and their ratification of his conduct promotes, encourages and reinforces Defendant Shoulders's own belief that following the law and constitution do not apply to his own police work.

6. This policy, pattern, and practice was the moving force behind the deprivation of Mr. Benton's constitutional rights.

7. The City of Cleveland's population is over 50% African American[1]. Defendant Shoulders, who is tasked with the responsibility of policing this population, was and is known by Defendants City of Cleveland, Williams, and McGrath to publicly classify the

---

[1] https://www.cleveland.com/datacentral/index.ssf/2016/12/percent_white_black_asian_for.html

3

City's African American citizens as "niggers" and "animals".[2] Despite this heinous and racially repugnant language, Defendant Shoulders was retained by the City, McGrath and Williams as a police officer and allowed to operate with little or no adequate supervision until his retirement.

8. Defendants City of Cleveland, Williams, and McGrath at all times ratified the negative racial attitudes, stereotyping and racial intolerance of Shoulders. In doing so, these Defendants allowed a culture of racially biased policing to exist and thrive through Shoulders, in the Second District, on Shoulder's work shifts and during his tenure as a police officer with the City.

9. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and John Does #1-4's illegal and unconstitutional conduct was approved and ratified by Defendant City of Cleveland, Defendant Williams, and Defendant McGrath and each failed to conduct a meaningful and adequate investigation into the Defendant officers' illegal seizure, detention, and interrogation of Mr. Benton.

10. Defendants City of Cleveland, Williams, and McGrath demonstrate a pattern and practice of failing to adequately train, adequately supervise, and failing to investigate and discipline its police officers related to illegal and unconstitutional seizures, detention, and interrogations of its citizens.

11. The inadequate training of Cleveland police officers by Defendants City of Cleveland, Williams, and McGrath amounts to deliberate indifference to the rights of those

---

[2] https://www.clevescene.com/scene-and-heard/archives/2014/12/30/cleveland-police-sued-in-federal-court-again-for-excessive-force-racist-comments-to-suspect
See also Cuyahoga County Case number CV 14 836461

individuals that came into contact with Cleveland police officers and was a direct cause of the constitutional violations experienced by Mr. Benton.

## II.  JURISDICTION

12. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

13. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

14. Venue is proper in this division.

## III.  THE PARTIES

15. Plaintiff Jayvon Benton was an in-custody resident of Cuyahoga County, Ohio and a minor under the age of eighteen, during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

16. Defendant City of Cleveland is a unit of local government organized under laws of the State of Ohio. Defendant City of Cleveland is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

17. Defendant Chief Calvin Williams was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Williams is sued in his official capacity. Defendant Williams is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. Defendant Williams is a final policy maker.

18. Defendant Safety Service Director Michael McGrath was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant McGrath is sued in his official capacity. Defendant Shoulders is a person under 42 U.S.C.

5

§1983 and at all times relevant to this case acted under color of state law. Defendant McGrath is a final policy maker.

19. Defendant Thomas Shoulders was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Shoulders is sued in his individual and official capacities. Defendant Shoulders is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. This Defendant is a final policy maker.

20. Defendant David Shapiro was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Shapiro is sued in his individual and official capacities. Defendant Shapiro is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. This Defendant is a final policy maker.

21. Defendant David Lamm was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Lamm is sued in his individual and official capacities. Defendant Lamm is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. This Defendant is a final policy maker.

22. Defendant Cynthia Moore was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Moore is sued in her individual and official capacities. Defendant Moore is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. This Defendant is a final policy maker.

23. Defendant John Lally was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. Defendant Lally is sued in his individual and official capacities. Defendant Moore is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law. This Defendant is a final policy maker.

24. John Does #1-4 were at all times relevant to this action employees of the City of Cleveland, Ohio police department. They were serving as on-duty police officers on September 1, 2015. John Does #1-4 are sued in their individual and official capacities. They are persons under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state laws

## IV. FACTS

25. On August 28, 2015, Jayvon Benton was arrested by Cuyahoga Metropolitan Housing Authority ("CMHA") Police Officers after he was allegedly seen running from a stolen vehicle.

26. On or about August 28, 2015 Jayvon was transported to the Cuyahoga County Juvenile Justice Detention Center ("CCJJDC").

27. On August 31, 2015, Jayvon Benton was arraigned in the Cuyahoga County Juvenile Court for (1) count of Receiving Stolen Property, a felony of the fourth degree; and one (1) count of Obstructing Official Business, a misdemeanor of the second degree in connection with the August 28, 2015 incident.

28. On August 31, 2015, Sam Amata, Assistant Public Defender was appointed to represent Jayvon and on this day his Sixth Amendment right to counsel attached.

29. Sam Amata represented Mr. Benton at his arraignment, and entered a denial to the charges on his behalf. Mr. Benton was given an Advisement of Rights form which was signed by him and his attorney.

30. The Magistrate then remanded Jayvon to the CCJJDC.

31. Defendant Thomas Shoulders, Cleveland Police Detective from the Second District was assigned to investigate, among other things, an aggravated robbery involving a black Ford Fusion.

32. Sometime during the days of August 28-August 31, 2015, Defendant Shoulders tried unsuccessfully to unconstitutionally and illegally remove Jayvon, a minor, from the CCJJDC on three separate occasions.  Staff at the CCJJDC rebuked his efforts.

33. Defendant Shoulders, after repeated attempts, accomplished his goal of unconstitutionally and illegally removing Mr. Benton, despite the fact that he had no arrest warrant, no warrant to convey, and no order from the Cuyahoga County Juvenile Court.

34. On or about September 1, 2015, on his fourth attempt to remove Jayvon from the CCJJDC, Defendant Shoulders found an employee who did not know the rules and therefore allowed Defendant Shoulders to unconstitutionally and illegally remove Jayvon from the CCJJDC without the presentation of an arrest warrant, a warrant to convey, or an order of the Cuyahoga County Juvenile Court.

35. This was done in direct violation of Detention Center Policy which was known to Shoulders. Detention Center policy requires that a police officer who wishes to remove a juvenile from the CCJJDC to present an arrest warrant, a warrant to convey to detention center staff, or an order from the Cuyahoga County Juvenile Court.

36. This has been the Detention Center's policy since 1988 which was put into place to protect youth, like Jayvon, from having their constitutional rights violated.

37. It is also Detention Center policy that, prior to law enforcement speaking with a resident, law enforcement must have the explicit permission of the resident's attorney.

38. Clearly, all of this was known by Defendant Shoulders from his three previous unsuccessful attempts to remove Jayvon from the CCJJDC.

39. Defendant Shoulders handcuffed Jayvon and walked him out of the CCJJDC with one hand on Jayvon's shoulder and his other hand on the handcuffs.

40. It was clear that Jayvon was being seized, wrongfully detained, detained against his will and was not free to leave.

41. While unconstitutionally and illegally transporting Jayvon to the Justice Center, Defendant Shoulders attempted to elicit incriminating information from Jayvon without Mirandizing him and without the presence of counsel.

42. Having already disregarded the law by removing Jayvon from CCJJDC and by placing Jayvon in handcuffs, Defendant Shoulders continued his unconstitutional conduct by beginning his unconstitutional interrogation of Jayvon. Shoulders informed Jayvon that the two adult males who were arrested with Jayvon, implicated Jayvon as the main perpetrator in the black Ford Fusion.  Shoulders informed Jayvon he was implicated by them during the aggravated robbery investigation and Jayvon was told by Shoulders that he was implicated by them in other cases as well.

43. The two adult males had not, in fact, said this about Jayvon.

44. Shoulders therefore, used his position as a Cleveland Police Detective to create a culture and environment of duress through illegal acts, in an attempt to coerce Jayvon into a false

9

confession.   Shoulders, at all times, knew that he was violating the constitutional rights of Jayvon and he knew that Defendants City, McGrath, and Williams would not discipline him for such conduct.  This behavior is completely consistent with young, African American men being viewed as a "nigger" and "animals" in the personal and professional eyes of Shoulders.

45. Defendant Shoulders admittedly deceived Jayvon into thinking that he had been implicated by the two adult males. (See Exhibit 1, Magistrate's Order, Court of Common Pleas Juvenile Division)

46. After processing Jayvon at the Justice Center, Defendant Shoulders illegally and unconstitutionally transported Jayvon to the Second District police station to be further interrogated.

47. The interrogation was held in Defendant Shoulders's office with Defendants Shapiro, Lamm, Moore, Lally and John Does #1-4 for approximately three hours.

48. Defendant Shoulders only recorded one hour and eight minutes of the interrogation.

49. Defendant Moore admitted during testimony in the Cuyahoga County Juvenile Court that the audio recording of the interrogation was started and stopped several times throughout the interrogation.

50. Jayvon was interrogated at the Second District police station for 3 hours and 10 minutes. The audio recording is only 1 hour and 8 minutes.

51. At no time was Jayvon, a child at the time, allowed to speak with his mother.

52. At no time was Jayvon, a child, represented by counsel, allowed to speak with his attorney.

53. In total, Jayvon was illegally and unconstitutionally seized, detained, and interrogated for approximately 5 hours. He was taken from CCJJDC at 3:01 pm and was not returned until 8:10 pm.

54. After this illegal and unconstitutional interrogation, the State filed a nine count Complaint against Jayvon on September 24, 2015.

55. On February 17, 2016, the Cuyahoga County Public Defender filed a Motion to Suppress Illegally Obtained Statements & Evidence contending that the police actions on September 1, 2015 violated Jayvon's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

56. On March 2, 2016, a suppression hearing was held by the Cuyahoga County Juvenile Court.

57. The Cuyahoga County Juvenile Court held that Jayvon was unlawfully seized from the CCJJDC by Defendant Shoulders on September 1, 2015 in violation of the Fourth and Fourteenth Amendments.

58. The Court further found that Defendant Shoulders's seizure of Jayvon amounted to an arrest which was conducted without an arrest warrant, a warrant to convey, or an order of the Cuyahoga County Juvenile Court.

59. The Court held that Jayvon's unlawful seizure on September 1, 2015 violated established Detention Center policy and, therefore, the Fourth and Fourteenth Amendments.

60. The Court found that Shoulders's knowing failure to follow established Detention Center policy was a violation thereof.

61. The Court further found that Defendant Shoulders unlawfully interrogated Jayvon, a child, without the knowledge of the Court, the child's attorney, and/or the child's mother.

62. The Court further found that Defendant Shoulders's concealment of the removal of Jayvon from the CCJJDC allowed Defendant Shoulders to extract an illegal statement from Jayvon.

63. The Court found that Defendant Shoulders's removal of Jayvon from the CCJJDC was an intentional violation of established Detention Center Policy and also an intentional violation of Jayvon's rights under the Fourth and Fourteenth Amendments.

64. The Court held that any and all evidence obtained by law enforcement on September 1, 2015 or as a result thereof must be suppressed as the fruit of the poisonous tree.

65. The Court further held that Defendant Shoulders's September 1, 2015 interrogation of Jayvon violated Jayvon's Fifth Amendment rights.

66. The Court further held that Defendant Shoulders's September 1, 2015 seizure and interrogation of Jayvon violated Jayvon's Sixth Amendment right to counsel.

67. The Court found that Defendant Shoulders's actions also circumvented the protections set forth in Article I, Section 14 of the Ohio Constitution.

## V. FIRST CAUSE OF ACTION 42 U.S.C. § 1983 UNLAWFUL SEIZURE

68. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

69. Jayvon Benton was subjected to an unlawful seizure of his person in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

70. Jayvon had a right to be free from unlawful seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

71. Defendants Shoulders's conduct in seizing Jayvon without any legal justification violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

72. Defendants Shoulders's illegal seizure of Jayvon without permission, without a warrant, and without any other legal justification violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## VI. SECOND CAUSE OF ACTION 42 U.S.C. § 1983 UNLAWFUL INTERROGATION – MIRANDA RIGHTS VIOLATIONS

73. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

74. Jayvon Benton was subjected to an unlawful interrogation in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

75. Jayvon had a right to be free from unlawful interrogations under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

76. Defendants Shoulders's conduct in unlawfully interrogating Jayvon in the squad car without first reading him his Miranda Rights violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77. Defendants Shoulders's, Shapiro's, Lamm's, Moore's, Lally's, and Does' #1-4 conduct in unlawfully interrogating Jayvon at the Second District without reading him his Miranda Rights violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

78. Jayvon, a minor, was interrogated without the presence of his attorneys Sam Amata and Morgan Pirc, and without the presence of his mother.

## VII. THIRD CAUSE OF ACTION 42 U.S.C. § 1983 MONELL CLAIM FOR DEFENDANT CITY OF CLEVELAND, WILLIAMS, AND MCGRATH

79. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

80. Defendants City of Cleveland's Williams's, and McGrath's policies, practices, and customs regarding unlawful seizures and interrogations were a moving force behind the illegal seizure and interrogation of Jayvon by Defendants.

81. Defendants City of Cleveland, Williams, and McGrath customarily allow their officers to illegally seize, detain, and interrogate citizens without having to follow the legal procedures and without being held accountable or disciplined for their misconduct.

82. Defendant City of Cleveland, Williams, and McGrath failed to institute adequate municipal policies, procedures, and customs regarding seizures, detentions, and interrogations.

83. Defendants City of Cleveland, Williams, and McGrath failed to institute adequate municipal policies, procedures, and customs for officers regarding the accuracy of individual officer reports when illegal seizures, detentions, and interrogations are observed.

84. Defendants Shoulders's, Shapiro's, Lamm's, Moore's, Lally's, and Does' illegal and unconstitutional conduct was known, approved and ratified by agents /employees of Defendants City of Cleveland, Williams, and McGrath who then failed to conduct a meaningful and adequate investigation into the Defendant officers' illegal seizure, detention, and interrogation of Jayvon.

85. Defendants City of Cleveland, Williams, and McGrath demonstrate a pattern and practice of failing to adequately train, adequately supervise, and failing to investigate and discipline its police officers related to illegal and unconstitutional seizures, detentions, and interrogations.

86. The inadequate training of Cleveland police officers by Defendants City of Cleveland, Williams, and McGrath amounts to deliberate indifference to the rights of those citizens that come into contact with Cleveland police officers.

87. The illegal and unconstitutional seizure, detention, and interrogation of Plaintiff Benton demonstrates that the custom and policy of the City of Cleveland's Police Department is to believe and act as if they are above the law and as if they are not bound by the parameters set by the Constitution of the United States.

88. This behavior is so permanent and well settled that it constitutes a custom and policy of the City of Cleveland and the Cleveland Police Department.

89. This policy is the moving force behind the injuries suffered by Mr. Benton.

90. This well settled string of unlawful seizures, detentions, and interrogations demonstrates a pattern and practice by Defendants City of Cleveland, Williams, and McGrath of failing to adequately train, adequately supervise, and failing to investigate and discipline its police officers when it comes to unlawful seizures, detentions, and interrogations.

91. Defendants Shoulders's, Shapiro's, Lamm's, Moore's, Lally's, and Does' conduct related to unlawful seizures, detentions, and interrogations is ratified by Defendants City of Cleveland, Williams, and McGrath.

## VIII. FOURTH CAUSE OF ACTION FALSE IMPRISONMENT

92. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

93. Defendants Shoulders's, Shapiro, Lamm, Moore, Lally, and Does intentionally detained Mr. Benton.

94. Defendants Shoulders's, Shapiro's, Lamm's, Moore's, Lally's, and Does' detention of Mr. Benton was unlawful.

95. Defendants' detention of Mr. Benton was without permission, without a warrant, and without any other legal justification.

## IX. FIFTH CAUSE OF ACTION CIVIL CONSPIRACY UNDER 42 U.S.C. § 1983

96. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

97. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does, through concerted action, by plan, and with a conspiratorial objective have deprived and continue to deprive Mr. Benton of his constitutional rights. Overt acts by Defendants include the illegal removal of Mr. Benton from CCJJDC, illegal seizure, illegal detention, illegal interrogation, and reports filed which did not and do not memorialize with adequate accuracy the unconstitutional seizure, detention, and interrogation of Mr. Benton. These Defendants acted in concert to remain silent regarding the illegal and unconstitutional conduct. Observing officers acted in concert when they failed to stop the illegal seizure, detention, and interrogation of Mr. Benton.

98. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does knew that Mr. Benton was illegally and unconstitutionally removed from the CCJJDC.

99. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does knew the Mr. Benton was illegally and unconstitutionally being detained.

100. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does knew that Mr. Benton was being interrogated without his Miranda Rights being read and without the presence of his attorney.

101. Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does knew that Mr. Benton was a minor and that he was being interrogated without the presence of his mother.

## X. SIXTH CAUSE OF ACTION CIVIL CONSPIRACY UNDER OHIO LAW

102.    Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

103.    Defendants Shoulders, Shapiro, Lamm, Moore, Lally, and Does who unreasonably, illegally, and unconstitutionally seized, detained, and interrogated Mr. Benton are engaged in a conspiracy under Ohio Law. They have acted maliciously and in concert to injure Mr. Benton. These Defendants acted in concert by failing to accurately report as police officers the unreasonable, illegal, and unconstitutional seizure and interrogation Defendant, despite a duty to do so. These Defendants acted in concert by remaining silent regarding the illegal and unconstitutional conduct. Observing Defendant officers acted in concert by failing to stop the illegal and unconstitutional conduct. The actions of these Defendants have resulted in actual damages to Mr. Benton by frustrating and delaying this legal action.

## XI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.  Award Plaintiff compensatory damages in an amount to be shown at trial;

B.  Plaintiff punitive damages in an amount to be shown at trial;

C.  Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.  Pre and post judgment interest;

E.  Order the City of Cleveland, Williams and McGrath to develop, institute and enforce a

    written policy for the Division of Police which prohibits officers from using the word

    "nigger" and making use of the word an offense for which the officer will be disciplined.

F.  Grant Plaintiff such additional relief as the Court deems just and proper.


                                                          /s/ Sara Gedeon
                                                    David B. Malik (0023763)
                                                     Sara Gedeon (0085759)
                                                            Malik Law
                                              8437 Mayfield Road Suite 101
                                                   Chesterland, Ohio 44026
                                                        (440) 729-8260
                                                        (440) 490-1177
                                                    dbm50@sbcglobal.net
                                                  sgedeon1021@gmail.com