IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| JAYVON BENTON, | ) | CASE NO. 1:18cv02159 |
| | ) | |
| Plaintiff, | ) | JUDGE GWIN |
| | ) | |
| vs. | ) | MAG. JUDGE PARKER |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | **REPLY TO OPPOSITION TO JOINT** |
| | ) | **MOTION FOR PARTIAL** |
| Defendants. | ) | **JUDGMENT ON THE PLEADINGS** |
| | ) | **OF INDIVIDUAL DEFENDANTS** |

Now come the Defendants, David Lam, David Shapiro, Cynthia Moore, John Lally, and Thomas Shoulders (the "Individual Defendants"), by and through counsel, and submit their Reply to the Opposition to the Joint Motion for Partial Judgment on the Pleadings. ECF 31.

### INTRODUCTION

Plaintiff has brought this civil rights suit against the City of Cleveland (the "City") and several of its officers based on an incident that took place on September 1, 2015. *See generally* Complaint. The Complaint makes claims for an alleged §1983 unlawful seizure against the individual Defendants (Count I), an alleged §1983 unlawful interrogation/ *Miranda* rights violation against the individual Defendants (Count II), a §1983 *Monell* claim against the City (Count III), common law false imprisonment against the individual

1

Defendants (Count IV), a §1983 civil conspiracy claim against the individual Defendants (Count V), and a common law civil conspiracy claim against the individual Defendants (Count VI).

Plaintiff has filed a Notice of Voluntary Dismissal of Count IV.  ECF 30.  Defendants do not object to the dismissal as long as it is with prejudice.

He has also filed an Opposition to the Motion relating to Counts I, V, and VI.

## FACTUAL BACKGROUND

Plaintiff maintains that he was in the custody of the Cuyahoga County Juvenile Justice Detention Center ("CCJJDC") on unrelated charges, when he was removed by Defendant Shoulders to take him for processing and to the Second District for Questioning.  *See* Complaint ¶¶39, 46.  Plaintiff maintains that his *Miranda* rights were violated by the various Defendants.  *Id.* at ¶74-78.  In addition, he generally claims that the various individual Defendants conspired against him in failing to report Defendant Shoulder's actions.  *Id.* at ¶96-103.

## LAW AND ARGUMENT

**I.    Plaintiff cannot make a claim for unlawful seizure as he was already in custody. (Count I)**

In this case, the Plaintiff's first and fourth cause of action are for the removal of Plaintiff from the CCJJDC by Defendant Shoulders on September 1, 2015.  *See* Complaint, Count I and IV.  Count I includes a §1983 claim for an unlawful seizure, while Count IV attempts to state a claim for common law false imprisonment.  *Id.*  Plaintiff has filed a Notice of Voluntary Dismissal of Count IV.  ECF 30.  Defendants do not object to the

2

dismissal as long as it is with prejudice.

### A. There are no allegations of false imprisonment/ unlawful seizure against Defendants Lam, Shapiro, Moore, or Lally.

Despite Plaintiff's arguments to the contrary, there are no factual allegations against Defendants Lam, Shapiro, Moore, or Lally that relate to Plaintiff's removal from the CCJJDC.  All such conduct is attributed to Defendant Shoulders.  *See* Complaint, ¶39.

In opposing the Motion, Plaintiff now focuses on the allegation that these officers interrogated him.  However, this is the basis of his *Miranda* claim, not his seizure claim. *See* Complaint, Count II.  The Motion for Partial Judgment on the Pleadings does not relate to the *Miranda* claim.

There is no mention of Defendants Lam, Shapiro, Moore, or Lally in Count I.  *See* Complaint, Count I.  This bald assertion with no factual basis does not meet the requirements of *Twombly*.

### B. The Juvenile Court ruling has no relevance to this matter.

In responding to the Motion, Plaintiff spends an inordinate amount of time detailing the proceedings in the Cuyahoga County Juvenile Division, asserting "Individual Defendants then mistakenly ignore the Magistrate's Order from the Court of Common Pleas Juvenile Division which clearly finds that Plaintiff's 'unlawful seizure on September 1, 2015 violated Detention Center policy, and, therefore, the Fourth and Fourteenth Amendments.'"  *See* Opposition, p. 4.  The state court order is irrelevant to this case.

While Plaintiff makes this assertion and then spends pages quoting from the

3

Juvenile Court proceedings, he completely skips the threshold analysis of whether the Juvenile Court finding would have any preclusive effect, *i.e.* whether he was entitled to assert non-mutual offensive collateral estoppel.

The Courts have repeatedly stated that the state court proceeding has no such effect. In rejecting the plaintiff's argument that a state court ruling in his favor on a motion to suppress was binding on a federal civil rights lawsuit against an officer, Judge Sargus, the Chief Judge of the Southern District of Ohio, succinctly summarized the Sixth Circuit's position in *Brandon v. County of Muskeegum.* Case No. 2:16-cv-1044, 2017 WL 4155411 (Sept. 18, 2017 S.D. Ohio). "The Sixth Circuit has denied the offensive application of collateral estoppel against Ohio law enforcement officers in cases such as this. In *Wallace v. Mamula,* 30 F.3d 135, 1995 WL 389197 (6th Cir. 1994), the Court held that a defendant police officer in a civil rights lawsuit was not in privity with the State of Ohio in a prior state criminal action." *Id* at *3. The courts find it telling that the officers are not in privity with the State who prosecuted the underlying criminal cases, were merely witnesses in those cases, had no right or ability to appeal those cases, did not substantially participate in the control of the prosecutor's cases, were not presented by counsel, and had no interest in the outcome. *Id.* Contrast the criminal cases to the civil rights cases where the officers face personal liability and damages. *Id.* Therefore, the state court finding had no binding effect on the federal civil rights suit. *Id.*

In addition, by the Juvenile Court's own rules, the documents submitted by Plaintiff in responding to the Motion were improperly used as they are not to be relied

4

upon outside of the Juvenile Court.  "No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript of any juvenile court hearing, except in the court of an appeal or as authorized by order of the court or by statute."  Ohio R.Juv.Proc. 37(B).

### C. An inmate in custody cannot make a claim for false arrest or unlawful seizure.

"A plaintiff does not state a claim for either false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he is already in custody or incarcerated on other charges, because there is no deprivation of his or her liberty interests."  *Johnson v. Leger*, No. 3:07CV128(WWE) (D. Conn. Mar. 31, 2009), 2009 WL 902384 (citations omitted).  *See also Doe v. Selsky,* 841 F.Supp.2d 730, 732 (W.D.N.Y.2012); *accord Walker v. Sankhi*, 494 F. App'x 140, 142–43 (2d Cir.2012) ("[Plaintiff's] federal false arrest and malicious prosecution claims must fail because ... [plaintiff] could not have suffered a deprivation of liberty as a result of [one] burglary charge because, throughout the pendency of that charge, he was already in custody, and remained in custody, for a completely separate burglary charge, of which he was ultimately convicted.").

Plaintiff's discussion of civil rights cases filed by prisoners is irrelevant as Plaintiff has not made any allegation of a constitutional violation regarding the conditions of his confinement.  He is not alleging that anyone violated his religious freedoms, put him in solitary confinement, denied his rights to mail, food or medical treatment, or subject to cruel and unusual punishment.  He is merely complaining that he was physically moved from his place of confinement to a different place of confinement.  His claims about his

5

interrogation go to his *Miranda* claim, Count II, rather than his seizure claim. None of Plaintiff's claims about his seizure lead to a deprivation of his liberty as he had no liberty rights at the time.

In short, as Plaintiff was in custody following his arrest by CMHA, there was no deprivation of any liberty by the transport by Defendant Shoulders. *See* Complaint, ¶25-27. Consequently, both the state and federal claim related to the removal from the CCJJDC should be dismissed. (Count I and IV).

## II. Plaintiff's claims for conspiracy fail as a matter of law. (Counts V & VI)

Plaintiff is unable to prove any conspiracy whether based on federal or state law. A corporation (or a political subdivision) "cannot conspire with its own agents or employees." *Hull v. Cuyahoga Valley Joint Vocational School District Board of Education*, 926 F.2d 505, 509 (6th Cir. 1991)(citing *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984)). *See also, Estate of Smithers v. Flint*, 602 F.3d 753, fn 4 (6th Cir. 2010). This theory applies equally to agents of the corporation. "Since all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* at 510. The Northern District of Ohio has previously addressed similar claims against City police officers, dismissing such conspiracy claims. *Bradley v. City of Cleveland*, No. 1:11cv781, 2012 WL 775106, at 4-5 (N.D. Ohio Mar. 7, 2012). Nor is there any factual allegation of any such conspiracy other than globally referring to the officers conspiring.

The case cited by Plaintiff to support his position that the Supreme Court has already addressed intracorporate conspiracy does not support his claims. The excerpt cited by Plaintiff is irrelevant. In addition, three pages later in the same opinion, the

Court stated:

> To be sure, this Court has not given its approval to this doctrine in the specific context of § 1985(3). . . . Nothing in this opinion should be interpreted as either approving or disapproving the intracorporate-conspiracy doctrine's application in the context of an alleged § 1985(3) violation.

*Ziglar v. Abbasi,* 137 S.Ct. 1843, 1868 (2017).  The United States Supreme Court expressly declined to rule on the issue of intracorporate conspiracy leaving the Sixth Circuit cases as the controlling law.

In addition, the Sixth Circuit *has* addressed the issue of whether intracorporate conspiracy applies to §1985 claims.  *See Ohio ex rel. Moore v. Brahma Investment Group, Inc.,* 723 Fed.Appx. 284 (6th Cir. 2018) (applying the intracorporate conspiracy doctrine to a §1985 claim).  In that case, the court rejected a conspiracy claim against a city, law director, and mayor based on the intracorporate conspiracy doctrine.  *See also Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994).

Here, Plaintiff's state and federal conspiracy claims are barred by the intracorporate conspiracy doctrine.  Therefore, Counts V and VI should be dismissed.

## CONCLUSION

As the Complaint demonstrates that there was no illegal seizure, Counts I and IV fail as a matter of law.  In addition, the conspiracy claims fail as a matter of law.  Therefore, the Motion for Partial Judgment on the Pleadings should be granted.

7

Respectfully submitted,

*/s/ Kathryn M. Miley*
Ernest L. Wilkerson, Jr. (#0036972)
Kathryn M. Miley (#0067084)
Wilkerson & Associates Co., LPA
1422 Euclid Ave, Suite 248
Cleveland, OH 44115
(216) 696-0808; (216) 696-4970 facsimile
ewilkerson@wilkersonlpa.com
kmmiley@wilkersonlpa.com
Attorneys for Defendant Lam

BARBARA A. LANGHENRY (0038838)
Director of Law, City of Cleveland

By: *s/ John P. Bacevice Jr.*
JOHN P. BACEVICE JR. (#0087306)
Assistant Director of Law
601 Lakeside Avenue
City Hall, Room 106
Cleveland, Ohio 44114-1077
jbacevice@city.cleveland.oh.us
Attorney for Defendants Shoulders,
Shapiro, Moore and Lally

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2019, a copy of the foregoing Reply was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Kathryn M. Miley
Ernest L. Wilkerson, Jr.
Kathryn M. Miley
Attorneys for Defendant Lam

Cleveland/benton/12c reply

8